**Robert E. ADAMS, Petitioner,**

v.

**PEABODY COAL COMPANY; Director, Office of Workers' Compensation Programs; United States Department of Labor; and Benefits Review Board, Respondents.**

No. 86–3076.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 30, 1987.

Decided April 22, 1987.

---

Ronald K. Bruce, Monhollon, Bruce, & Kelley, Greenville, Ky., for petitioner.

Donald S. Shire, Associate Sol., U.S. Dept. of Labor, J. Michael O'Neill, Brian E. Peters, Linda M. Meeks, Benefits Review Bd., U.S. Dept. of Labor, for respondents.

Mark E. Solomons, Arter & Hadden, Washington, D.C., for Peabody Coal Co.

Before KRUPANSKY, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and WEBER, District Judge.*

PER CURIAM.

Petitioner Robert E. Adams appeals from a decision of the Benefits Review Board ("BRB" or "Board") affirming a determination by an Administrative Law Judge ("ALJ") denying him benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. § 901 *et seq.* (1982). Adams contends on appeal that the ALJ erred in concluding that the interim presumption of total disability due to pneumoconiosis, 20 C.F.R. § 727.203(a), had been rebutted under 20 C.F.R. § 727.203(b)(2) without considering

* Honorable Herman Jacob Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

vocational factors and Adams' ability to perform comparable and gainful work, that the deposition testimonies of two doctors credited by the ALJ lacked credibility as a matter of law because the doctors held the "philosophy" that simple pneumoconiosis does not produce a physical disability, and that the ALJ's finding that Adams was capable of performing his usual coal mine work was not supported by substantial evidence. We conclude that a finding pursuant to 20 C.F.R. § 727.203(b)(2) that a claimant is capable of performing his usual coal mine work does not require consideration of vocational factors, that the doctor's deposition testimonies did not evidence a philosophy contrary to the spirit of the Act sufficient to require the discrediting of their testimonies by the ALJ, and that the Board did not err in concluding that the ALJ's finding was supported by substantial evidence. Accordingly, we affirm.

Adams, currently 73 years old, worked as a coal miner for 36 years, 4 years underground and 32 years for respondent Peabody Coal Company ("Peabody") as a surface electrician. Adams ceased work in 1976 at age 62, complaining of shortness of breath, difficulty when he exerted himself, and inability in keeping up with other employees. He filed for black lung benefits in 1976 and when the Department of Labor issued an initial finding of entitlement, Peabody requested a formal hearing. The hearing was held in February, 1983 before an ALJ.

The ALJ determined that Adams, having worked as a coal miner for over 10 years, was entitled to invocation of the interim presumption of total disability due to pneumoconiosis contained in 20 C.F.R. § 727.-203(a), based on x-ray evidence (section 727.203(a)(1)) and the positive medical evidence from two physicians (section 727.-203(a)(4)). After considering all the relevant medical evidence, however, the ALJ concluded that Adams suffered from no totally disabling respiratory impairment and was capable of performing his usual coal mine work, thereby rebutting the interim presumption pursuant to 20 C.F.R. § 727.203(b)(2). Consequently, the ALJ issued an order in May, 1983 denying black

lung benefits to Adams. The BRB affirmed the decision of the ALJ in November, 1985, and this appeal ensued.

The ALJ concluded that rebuttal of the interim presumption of total disability due to pneumoconiosis had been achieved under section 727.203(b)(2) because the medical evidence established that Adams was able to do his usual coal mine work. Adams' first contention on appeal is that to satisfy section 727.203(b)(2), vocational factors must be considered and it must be determined that the claimant is also able to do comparable and gainful work.

■ Section 727.203(b)(2) provides that the interim presumption of total disability due to pneumoconiosis invoked under section 727.203(a) may be rebutted if "[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work." 20 C.F.R. § 727.203(b)(2) (1986). "Fairly read, § 727.203(b)(2) establishes two methods of rebutting the presumption of total disability: (1) by showing that the individual is able to perform his usual coal mine work, *or* (2) that claimant is able to do other comparable and gainful work." *Kolesar v. Youghiogheny & Ohio Coal Co.*, 760 F.2d 728, 730 (6th Cir.1985) (per curiam) (emphasis in original). Although vocational factors such as age, education, and work experience must be considered if an ALJ is determining that a claimant is capable of performing "comparable and gainful work," *id.* at 730–31; *Shamrock Coal Co. v. Lee*, 751 F.2d 187, 189–90 (6th Cir.1985), such factors need not be taken into account in finding that a claimant is capable of performing his usual coal mine work. *Kolesar*, 760 F.2d at 730–31; *Ramey v. Kentland Elkhorn Coal Corp.*, 755 F.2d 485, 490 (6th Cir.1985). Instead, the first prong of section 727.-203(b)(2) is strictly a medical test and will be invoked upon the showing that a claimant is capable of performing his usual coal mine work. *Ramey*, 755 F.2d at 488–90; *Taft v. Alabama By-Products Corp.*, 733 F.2d 1518, 1521–22 (11th Cir.1984); *Director, Office of Workers' Compensation Programs v. Beatrice Pocahontas Co.*, 698

F.2d 680, 682 (4th Cir.1983); *Sykes v. Itmann Coal Co.*, 2 Black Lung Rep. 1–1089, 1–1093 (Benefits Review Board 1980); *Johnson v. Cannelton Industries, Inc.*, 2 Black Lung Rep. 1–1081, 1–1085 (Benefits Review Board 1980). Accordingly, the ALJ did not err in not considering vocational factors before determining that Adams' interim presumption had been rebutted under section 727.203(b)(2).

In finding that Adams was able to perform his usual coal mine work, the ALJ credited the medical testimony of Drs. Lane, Anderson, and Gallo, each of whom found no disability. Adams' second contention on appeal is that little or no weight should have been given to the opinions of Drs. Lane and Anderson because their depositions revealed that they held the "philosophy" that simple pneumoconiosis cannot produce disability. According to Adams, these doctors' testimonies should have been discounted or ignored entirely because such a philosophy is contrary to the spirit of the Act. We disagree.

█ The Board has held that "[a] physician's belief that simple pneumoconiosis is never disabling may constitute grounds for rejecting his medical opinion as inconsistent with congressional intent and the spirit of the Act." *Stephens v. Bethlehem Mines Corp.*, 8 Black Lung Rep. 1–350, 1–352 (Benefits Review Board 1985). However, "[a] physician must foreclose all possibility that simple pneumoconiosis can be totally disabling before his opinion will be considered inconsistent with the Act." *Butela v. United States Steel Corp.*, 8 Black Lung Rep. 1–48, 1–49 (Benefits Review Board 1985). Moreover, even a doctor's belief that simple pneumoconiosis cannot be total-ly disabling does not automatically exclude consideration of a physician's otherwise probative testimony concerning the existence or severity of disability suffered by a black lung claimant.

> The administrative law judge should bear in mind that a physician can make a valid assessment as to the existence and extent of respiratory impairment, work capability, and/or the presence of pneumoconiosis despite the belief that simple pneumoconiosis can never be disabling. It is when the physician's predisposed belief forms the primary basis for his conclusion that the miner's pneumoconiosis is not totally disabling, or that any respiratory impairment which the miner has could not be due to pneumoconiosis, that the physician's opinion may be discredited due to improper bias.

*Stephens*, 8 Black Lung Rep. at 1–352 (citation omitted).[1] In our view, the deposition testimonies relied on by Adams fail to demonstrate that either Dr. Lane or Dr. Anderson foreclosed all possibility that simple pneumoconiosis could be totally disabling and did not preclude the ALJ's consideration of the physicians' probative testimonies concerning the extent of disability suffered by the claimant.

In response to a question concerning the conclusion he had reached after researching the relationship between simple pneumoconiosis and disabling respiratory disease in coal miners for a published medical journal article, Dr. Lane stated: "We concluded that if one were to exclude chronic obstructive pulmonary disease and heart disease that *very few* abnormalities sufficient to cause the disability would be found among coal workers with simple pneumoco-

---

1. Although apparently no circuit case law deals directly with this matter, the Board's expertise in the area of black lung law and the reasonableness of the principles it has announced require deference to its standard for determining when a physician's medical philosophy precludes an ALJ's consideration of the doctor's medical evaluation. *Cf. United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 106 S.Ct. 455, 461, 88 L.Ed.2d 419 (1985) ("An agency's construction of a statute it is charged with enforcing is entitled to deference if it is reasonable and not in conflict with the expressed intent of Congress."). A rule too restrictive of the ALJ's use of a physician's testimony would conflict with the established principle that it is the role of the ALJ to determine the credibility of witnesses and evaluate conflicting medical evidence. *See Freeman v. Director, Office of Workers' Compensation Programs*, 781 F.2d 79, 81 (6th Cir.1986) (per curiam); *Moseley v. Peabody Coal Co.*, 769 F.2d 357, 360 (6th Cir.1985); *cf. Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir.1981) (per curiam).

niosis...." Jt.App. 175–76 (emphasis added). This medical opinion does not foreclose all possibility that simple pneumoconiosis can be totally disabling, but only reflects Dr. Lane's research findings tending to show it rarely is. The conclusion is consistent with the Supreme Court's statement in *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976), that "[s]imple pneumoconiosis ... is generally regarded by physicians as seldom productive of significant respiratory impairment." *Id.* at 7, at 2888.

■ Similarly, Dr. Anderson was not stating that simple pneumoconiosis can never be totally disabling when he responded to a deposition question concerning the cause of Adams' symptoms by saying: "Well first, category 1 pneumoconiosis, which is the degree of pneumoconiosis he has, does not cause shortness of breath. Second, if a man has sufficient pneumoconiosis to cause him to have shortness of breath and it is simple pneumoconiosis, then the shortness of breath will be due to abnormalities in arterial p02, and Mr. Adams does not have any abnormalities in p02." Jt.App. 227. Dr. Anderson was stating only that simple pneumoconiosis was not the cause of one of the particular *symptoms* exhibited by Adams, and was not even commenting on the extent of Adams' disability, which is the relevant factor in determining if Adams was able to do his usual coal mine work. Furthermore, assuming *arguendo* that Dr. Anderson's deposition testimony evidences his belief that simple pneumoconiosis can never be totally disabling, this would not exclude consideration of Dr. Anderson's otherwise probative testimony concerning the level of Adams' disability. The basis for Dr. Anderson's conclusion that Adams was not disabled was an examination of the man and the interpretation of test results, not adherence to a "philosophy." Accordingly, we conclude that the ALJ did not err in crediting the medical testimonies of Drs. Lane and Anderson.

■ Finally, Adams contends that the ALJ's finding that he was able to perform his usual coal mine work was not supported by substantial evidence. We believe not only that the ALJ's finding was supported by substantial evidence, but that a contrary holding by this court would necessarily involve an impermissible evaluation of the conflicting medical evidence presented at the black lung hearing.

By statute, the BRB is "authorized to hear and determine appeals raising a substantial question of law or fact" taken from ALJ determinations. 33 U.S.C. § 921(b)(3) (1982). The findings of fact by an ALJ are conclusive "if supported by substantial evidence in the record considered as a whole." *Id.* "The Board is not empowered to engage in *de novo* review of the record, and may not set aside an inference merely because it finds the opposite one more reasonable." *Bizzarri v. Consolidation Coal Co.*, 775 F.2d 751, 753 (6th Cir.1985) (citation omitted).

Appellate review of BRB decisions is similarly limited: " 'The court of appeals scrutinizes Board decisions for ... adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.' " *Director, OWCP v. Rowe*, 710 F.2d 251, 254 (6th Cir.1983) (quoting *Bumble Bee Seafoods v. Director, OWCP*, 629 F.2d 1327, 1329 (9th Cir.1980)). Thus, the question for this court is whether the BRB was correct in concluding that the ALJ's decision was supported by "substantial evidence." [2] *See Bizzarri*, 775 F.2d at 753. As the substantial evidence standard implies, an appellate tribunal may not reweigh the evidence or make credibility determinations. *See Moseley v. Peabody Coal Co.*, 769 F.2d 357, 360 (6th Cir.1985). Finally, the court may not abrogate the ALJ's function to evaluate

---

**2.** "Substantial evidence is 'more than a mere scintilla;' substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Ramey v.*

*Kentland Elkhorn Coal Corp.*, 755 F.2d 485, 488 (6th Cir.1985) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

and resolve conflicting medical evidence. *See id.; cf. Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir.1981) (per curiam).

In the instant case, the medical testimony before the ALJ consisted of widely disparate evaluations of the severity of Adams' impairment, requiring the ALJ to make credibility determinations and resolve conflicting medical evidence. The manner in which he did this illustrates both the substantial evidence that supported his conclusion and the rationality behind his analysis. First, the ALJ credited the testimonies of Drs. Lane, Anderson, and Gallo, who were pulmonary specialists, over the testimonies of Drs. West and Calhoun, who were general practitioners.[3] In addition, Dr. West's evaluation consisted primarily of a physical examination while the specialists' evaluations were based on physical exams, Adams' medical history, electrocardiograms, arterial blood gas studies, pulmonary function studies, and x-rays. The ALJ credited Dr. Anderson's explanation for why a physical examination of the type conducted by Dr. West was inadequate for determining the extent of a patient's pneumoconiosis or his disability. The clinical values obtained from the pulmonary function tests performed by Dr. Calhoun were abnormally low, significantly lower than any other doctor's results, thereby calling their reliability into serious question. Finally, the test results and evaluations of the three specialists who found no severe disability which would prevent Adams from doing his usual coal mine work as an above-ground electrician were consistent and corroborative. Accordingly, the BRB did not err in concluding that the ALJ's finding that the interim presumption of total disability due to pneumoconiosis had been rebutted under section 727.203(b)(2) was supported by substantial evidence.

In light of the foregoing, the order of the Benefits Review Board is AFFIRMED.

3. Drs. Lane, Anderson, and Gallo found no disability while Drs. West and Calhoun found

Adams totally disabled due to pneumoconiosis.