875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul N. REED, Petitioner,
v.
PYRO MINING COMPANY, Travelers Insurance Company, Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 88-3538.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOHN D. HOLSCHUH,* District Judge.
 PER CURIAM.
 
 
 1
 Paul N. Reed seeks review of an order of the Benefits Review Board affirming the administrative law judge's denial of black lung disability benefits. We affirm the denial of benefits.
 
 
 2
 Reed filed a claim for black lung benefits in February 1976, following his retirement from the coal mining industry. On May 29, 1981, an administrative law judge awarded benefits to Reed, finding that the ventilatory tests of record were sufficient to invoke the presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a) and that the presumption was not rebutted under 20 C.F.R. Sec. 727.203(b). Respondent Pyro Mining Company appealed the award to the Benefits Review Board, which affirmed, as a matter of law, the invocation of the presumption of disability under Sec. 727.203(a)(2) but vacated the decision in part and remanded for consideration of the evidence relevant to rebuttal under Sec. 727.203(b)(2)-(4). On remand, the administrative law judge reversed his original decision awarding benefits. In a March 1986 decision, the administrative law judge found that the weight of the relevant medical evidence established rebuttal of the presumption of disability pursuant to both Secs. 727.203(b)(2) and (3). The administrative law judge further determined that the medical evidence failed to support entitlement to benefits under 20 C.F.R. Part 410.
 
 
 3
 Reed appealed the 1986 decision denying benefits to the Benefits Review Board. In an April 1988 decision, the Board found that the administrative law judge's finding of rebuttal pursuant to Sec. 727.203(b)(2) was erroneous as a matter of law given this circuit's decision in York v. Benefits Review Board, 819 F.2d 134 (6th Cir.1987), which had been issued in the interim. The Board also determined, however, that the administrative law judge's finding of rebuttal pursuant to Sec. 727.203(b)(3) was correct. Relying on the testimony of Dr. William Anderson, who opined that the sole cause of Reed's disability was his cardiac condition, the Board stated that Anderson's opinion was sufficient to establish rebuttal pursuant to Sec. 727.203(b)(3) under the standard of Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984). The Board accordingly affirmed the denial of benefits.
 
 
 4
 Reed filed a motion for reconsideration, arguing that the Board erred in finding Anderson's testimony sufficient to support rebuttal of the presumption of disability and that the Board failed to consider his claim under 20 C.F.R. Sec. 410.490. In a May 1988 order, the Board found no reason for altering its prior holding in regard to Anderson's testimony and also rejected Reed's Sec. 410.490 claim upon the authority of Whiteman v. Boyle Land and Fuel Coal Company, 11 BLR 1-99, BRB No. 87-348 BLA (May 2, 1988). Reed then appealed to this court.
 
 
 5
 The parties agree that the issues in this appeal are limited to narrow questions involving the medical testimony of Dr. William Anderson. Anderson, a pulmonary disease specialist, was deposed twice. In the first deposition (September 10, 1976), Anderson testified that he had examined Reed in June 1976 and diagnosed category I pneumoconiosis and arteriosclerotic heart disease. Anderson attributed the pneumoconiosis to Reed's employment in the coal mining industry for 28 years and recommended that Reed no longer expose himself to coal dust. Anderson reported that the pulmonary function studies were within normal limits and that Reed's shortness of breath and chest pain were caused by heart disease. In addition, Anderson stated that Reed was disabled from manual labor by arteriosclerotic heart disease rather than by pneumoconiosis and that Reed would not be disabled from manual labor if he only suffered from pneumoconiosis. In the second deposition (November 21, 1980), Anderson testified about a chest x-ray of Reed taken in February 1976. Anderson interpreted the x-ray as consistent with category 1/0 pneumoconiosis, and stated that the finding of 1/0 pneumoconiosis had no clinical significance because a 1/0 finding would not cause sufficient lung impairment to produce symptoms in an individual.
 
 
 6
 Also on November 21, 1980, Dr. Emery Lane testified concerning the 1979 pulmonary function tests performed on Reed by Dr. Samuel Traughber using a Collins nine liter spirometer. Lane stated that the Collins nine liter spirometer was not a "particularly accurate" testing device. Lane additionally testified that, assuming the 1979 studies to be accurate, Reed would not be totally restricted from performing manual labor but would suffer from a mild obstructive defect.
 
 
 7
 On appeal, Reed makes several arguments. First, he challenges the reliance of the administrative law judge and the Benefits Review Board on the opinions of Dr. Anderson. Specifically, Reed alleges that the administrative law judge and the Board erred as a matter of law in finding Anderson's opinions to be sufficient to rebut, pursuant to Sec. 727.203(b)(3), the presumption of disability under Sec. 727.203(a). The Gibas case sets forth the standard for rebuttal pursuant to Sec. 727.203(b)(3). According to Gibas, Sec. 727.203(b)(3) gives an employer the opportunity to prove that a miner's total disability did not arise, in whole or in part, from his coal mine employment. If the employer establishes that pneumoconiosis played no part in causing the miner's total disability, then the employer has met the requirements of Sec. 727.203(b)(3). If, however, pneumoconiosis is a contributing cause to the miner's total disability, he is entitled to benefits. 748 F.2d at 1120.
 
 
 8
 Reed contends that the application of Gibas to the instant case requires a conclusion that Anderson's testimony was insufficient as a matter of law to rebut, pursuant to Sec. 727.203(b)(3), the presumption of total disability. To support his contention, Reed relies on Warman v. Pittsburg and Midway Coal Mining Co., 839 F.2d 257, 259-60 (6th Cir.1988), in which a doctor testified that the claimant suffered from category II pneumoconiosis, mixed psychoneurosis, and symptoms indicative of early arteriosclerotic heart disease, but that the claimant was not totally disabled by pneumoconiosis. The Warman court found the doctor's testimony to be insufficient for rebuttal under Sec. 727.203(b)(3).
 
 
 9
 We agree with Reed that the Gibas case sets forth the appropriate standard for rebuttal pursuant to Sec. 727.203(b)(3), but, contrary to Reed's assertion, we find that the administrative law judge's reliance on Anderson's testimony met the criteria of Gibas. The Warman case, which was relied upon by Reed, is distinguishable because the claimant in Warman, unlike Reed in this case, was not disabled by heart disease. We believe the instant case to be similar to Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485 (6th Cir.1985), in which expert testimony established that the claimant suffered from both pneumoconiosis and cardiovascular disease and that the claimant was disabled by heart disease, rather than by pneumoconiosis. In Ramey, this court upheld the administrative law judge's determination that, because the claimant was disabled by heart disease unrelated to coal mine employment and did not have a totally disabling pulmonary impairment, the employer successfully rebutted the presumption under Sec. 727.203(b)(3). 755 F.2d at 491-92. Similarly, in this case, we find that Anderson's testimony in his first deposition, in which he attributed Reed's disability solely to heart disease, was sufficient to rebut the presumption of disability underSec. 727.203(b)(3).
 
 
 10
 Second, Reed asserts that the administrative law judge's finding of rebuttal under Sec. 727.203(b)(3) was not supported by substantial evidence. To support this argument, Reed points out that Anderson's 1976 examination of Reed was conducted before the 1979 pulmonary function study which was held by the Board and the administrative law judge to be sufficient to invoke the presumption of disability under Sec. 727.203(a)(2). If the record of this case is viewed as a whole, with the proper consideration given to the most recent medical evidence (the 1979 pulmonary function study), then, Reed asserts, the decision to deny benefits cannot be regarded as supported by substantial evidence.
 
 
 11
 We disagree with Reed's contention. The 1979 pulmonary function study relied upon by Reed cannot, by itself, defeat rebuttal because a reviewing court must examine the record as a whole to determine whether the administrative law judge's finding of rebuttal under Sec. 727.203(b)(3) is supported by substantial evidence. Ramey, 755 F.2d at 486; Moore v. Califano, 633 F.2d 727, 729 (6th Cir.1980); Strunk v. Monarch Coal, Inc., 7 BLR 1-49 (1984). Moreover, the 1979 pulmonary function study was arguably not reliable. Dr. Lane testified that the study was performed using a Collins nine liter spirometer, which was not, in his opinion, a "particularly accurate" testing device, and the administrative law judge, in its order on remand, noted that "serious questions" had been raised about the reliability of the pulmonary study. Given such doubts about the reliability of the 1979 study, we cannot say that the administrative law judge erred in relying instead upon the testimony of Anderson, an examining physician, because, as a reviewing court, we may not reweigh the evidence, resolve conflicts in the evidence, or make credibility determinations. Adams v. Peabody Coal Co., 816 F.2d 1116, 1120-21 (6th Cir.1987); Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985). Based upon our review of the record considered as a whole, we conclude that the administrative law judge's finding of rebuttal pursuant to Sec. 727.203(b)(3) is supported by substantial evidence.
 
 
 12
 Third, Reed argues that the administrative law judge and the Board erred in relying on Anderson's opinions because his opinions pertaining to the disabling effect of pneumoconiosis are inconsistent with congressional intent and the spirit of the Black Lung Benefits Act. Adams, 816 F.2d at 1119. We disagree. Anderson did not, in his testimony, foreclose all possibility that simple pneumoconiosis can be totally disabling; therefore, under Adams, his opinion cannot be viewed as inconsistent with the Act. In this case, Anderson testified that simple pneumoconiosis was not the cause of the particular symptoms exhibited by Reed and that a finding of category 1/0 pneumoconiosis would not sufficiently impair lung function so as to cause symptoms in an individual. Anderson did not, however, comment on the disabling effect of simple pneumoconiosis in general or in Reed's particular case. According to the standard established in Adams, Anderson's testimony in this case cannot be rejected as inconsistent with the Act. 816 F.2d at 1119-20.
 
 
 13
 Finally, Reed argues that the Board erred as a matter of law by failing to consider his entitlement to disability benefits under 20 C.F.R. Sec. 410.490. This argument must also fail. The Board rejected Reed's claim under Sec. 410.490 on the authority of Whiteman v. Boyle Land and Fuel Coal Company, 11 BLR 1-99 (1988), in which the Board held that Sec. 410.490 is invalid as applied to Part C claims. Although this court apparently does not agree with the approach taken by the Board in Whiteman (see Kyle v. Director, Office of Workers' Compensation Programs, 819 F.2d 139 (6th Cir.1987)), we nonetheless uphold the denial of benefits under Sec. 410.490. Even assuming that Reed would be entitled to invoke the Sec. 410.490 presumption of disability, the rebuttal provisions of Sec. 727.203(b)(3) remain applicable to rebut the Sec. 410.490 disability presumption, as well as the Sec. 727.203(a)(2) disability presumption. See Kyle, 819 F.2d at 143-44; Ramey, 755 F.2d at 490. Because Reed's claim of disability pursuant to Sec. 410.490 may be rebutted under Sec. 727.203(b)(3), we uphold the decision denying Sec. 410.490 benefits to Reed.
 
 
 14
 For the foregoing reasons, we affirm the order of the Board denying black lung disability benefits.
 
 
 
 *
 The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation