In the Matter of **PENN ALLEGHENY COAL COMPANY** and **Old Republic Companies, Petitioners,**

v.

Dorothy **MERCATELL, Widow of James Mercatell, Respondent,**

and

Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Party–in–Interest/Respondent.

No. 88–3841.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6), June 2, 1989.

Decided June 21, 1989.

Eric Jones, Tillman & Thompson, Pittsburgh, Pa., for petitioners, Penn Allegheny Coal Co. and Old Republic Companies.

Jerry G. Thorn, Acting Sol. of Labor, Donald S. Shire, Associate Sol., Michael J. Denny, Counsel for Appellate Litigation, Roger Pitcairn, Barbara J. Johnson, Office of the Sol. U.S. Dept. of Labor, Washington, D.C. for Director, Office of Workers' Compensation Programs.

William J. Schneck, J. Stevenson Suess, P.C., Butler, Pa., for Dorothy Mercatell, Widow of James Mercatell.

Before HIGGINBOTHAM, GREENBERG and HUTCHINSON, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Penn Allegheny Coal Company and Old Republic Coal Companies (companies) petition this court for review of an order of the Benefits Review Board (BRB) dated October 31, 1988, which denied their motion for reconsideration of a decision and order of the BRB of May 27, 1988, in this case under the Black Lung Benefits Act (Act), 30 U.S.C. §§ 901–945. The May 27, 1988, decision and order affirmed a decision and order of an Administrative Law Judge (ALJ) awarding all benefits to an appropriate party, as authorized by 20 C.F.R. § 725.504, to which James Mercatell was entitled, and awarding survivorship benefits to Dorothy Mercatell, to which she was entitled as the widow of James Mercatell.[1] *See Rochester & Pittsburgh Coal Co. v. Krecota,* 868 F.2d 600, 601 (3d Cir.1989).

The principal issue on the appeal is whether the ALJ properly discredited evidence which may have rebutted the interim presumption under 20 C.F.R. § 727.203(b)(3).[2] It is uncontested that the

---

1. The Director sets forth in his brief that inasmuch as Dorothy Mercatell filed her application after March 31, 1980, her claim should have been considered under the regulations at 20 C.F.R. Part 718 rather than Part 727 as it was. *See* 20 C.F.R. § 718.2. But he also points out that if we affirm the decision and order under Part 718 regulations she will be automatically entitled to benefits as the surviving spouse of James Mercatell. *See Marx v. Director, OWCP,* 870 F.2d 114, 122 n. 12 (3d Cir.1989). James Mercatell filed his application on November 6, 1978, but died May 26, 1980. Dorothy Mercatell's application was filed on or about August 13, 1980.

2. There is some question as to our standard of review. *See generally Kertesz v. Crescent Hills Coal Co.,* 788 F.2d 158, 162–63 (3d Cir.1986). Ordinarily questions involving the credibility of a witness would suggest something other than a plenary review. Furthermore, courts have re-

ALJ properly relied on the only pulmonary function study of record to invoke the interim presumption of 20 C.F.R. § 727.203(a)(2) that the miner, James Mercatell, was totally disabled by pneumoconiosis, as the result of his thirty-four years of coal mine employment.[3]

At the first administrative hearing, the ALJ credited the medical report of James Mercatell's physician, Dr. Jay Paul, who had stated that the miner's presumed disability and his May 26, 1980, death were attributable to lung cancer as the result of cigarette smoking, not pneumoconiosis from his coal mine employment. On the basis of this report the ALJ found in a decision and order dated September 23, 1983, that the interim presumption had been rebutted and, consequently, he did not award benefits.

The Director of the Office of Worker's Compensation Programs appealed the denial of benefits to the BRB. In the first administrative appeal on January 24, 1986, the BRB vacated the ALJ's decision and order and remanded the matter for reconsideration in light of *Hoffman v. B & G Construction Co.*, 8 Black Lung Rep. (MB) 1–65 (Ben.Rev.Bd.1985).[4] As summarized in the Director's brief on this appeal,

[i]n *Hoffman,* the [BRB] held that Congress had recognized that simple pneumoconiosis could be totally disabling and that x-ray evidence of simple pneumoconiosis is categorized as 1, 2, or 3 according to the classification system required by the U.S. Department of Labor's quality standards. 20 C.F.R. § 718.102. However, some physicians believe that, without x-ray readings of 3/3 or greater or evidence of progressive massive pulmonary fibrosis, a miner cannot demonstrate that his pulmonary disease is due to coal mine employment. The [BRB] held that an ALJ cannot rely on such physicians to establish the cause of a miner's disability. The [BRB] added that such a physician's opinion may, nevertheless, establish the existence or absence of a breathing impairment.

Brief at 5 n. 4.

Dr. Paul's testimony was not consistent with Congress's recognition of what respiratory conditions could be related to coal mine employment, as noted in *Hoffman,* as he believed that when the x-ray opacities are lower than 2/2 there cannot be totally disabling pneumoconiosis.[5]

On remand, the ALJ, relying on *Hoffman,* consequently discredited Dr. Paul's testimony as to the cause of the miner's impairment.[6] The ALJ then determined

---

viewed decisions on issues regarding the discrediting of medical testimony on the basis of the hostility of the witness on a deferential basis. *See Adams v. Peabody Coal Co.,* 816 F.2d 1116, 1119 n. 1 (6th Cir.1987); *Kaiser Steel Corp. v. Director, OWCP,* 748 F.2d 1426, 1429–30 (10th Cir.1984). We will, however, assume without deciding that our scope of review is plenary and consider the issues before us as matters of law. *See Rochester & Pittsburgh Coal Co. v. Krecota,* 868 F.2d at 602 n. 4. Obviously, in view of our result, a more deferential review could not change our outcome.

**3.** The companies maintain that the evidence establishes that James Mercatell's respiratory disability was lung cancer, not pneumoconiosis, and that the lung cancer was entirely attributable to cigarette smoking. While the miner's disability may have been lung cancer, the BRB recognized that under 20 C.F.R. § 727.203(b)(3), nevertheless, the ALJ "must also determine that the lung cancer did not arise out of coal mine employment to find rebuttal under [20 C.F.R. § 727.203] (b)(3)" if the interim presumption is invoked under 20 C.F.R. § 727.203(a). *See Rose*

*v. Clinchfield Coal Co.,* 614 F.2d 936, 939 (4th Cir.1980).

**4.** Another basis for vacating and remanding was that the original decision of the ALJ had not considered whether James Mercatell's lung cancer arose out of his coal mine employment. From the text of the BRB's decision, this point appears to have been the primary basis for the order with Dr. Paul's possible hostility to the Act a mere secondary concern.

**5.** Dr. Paul had previously expressed his belief that he would not find total disability in the absence of readings of 3/3 or greater. The record indicates that he has since modified his view and would require readings of only 2/2 or greater.

**6.** The significance of the *Hoffman* decision is further apparent inasmuch as Dr. Paul was the expert whose testimony was discredited in that case. Thus, *Hoffman* not only expressed the rationale for discrediting witnesses who were hostile to the Act, it also demonstrated that in another proceeding Dr. Paul's testimony had

that the remaining medical evidence was insufficient to rebut the interim presumption.[7]

In the second administrative appeal to the BRB, the companies argued that the ALJ improperly considered the Director's argument that Dr. Paul's testimony should be discredited premised on his evidenced hostility to the Act. Under the BRB's ruling in *Lyon v. Pittsburgh & Midway Coal Co.*, 7 Black Lung Rep. (MB) 1–199, 1–201 (Ben.Rev.Bd.1984), the issue of hostility to the Act must be raised before the ALJ for the BRB to consider the issue on appeal. Thus, arguably the BRB improperly considered this issue on the first administrative appeal and the ALJ's initial denial of benefits should have been upheld.

The BRB on the second appeal observed, however, that the companies failed to object in the first administrative appeal to consideration of the issue regarding Dr. Paul's hostility to the Act which was accordingly considered on the merits. Relying on the law of the case, the BRB thus held that it would not consider the companies' argument that it should not have considered the issue of Dr. Paul's hostility on the first appeal. Inasmuch as it found no error in the ALJ's decision and order on the remand, it affirmed.

The companies then moved for reconsideration, contending that at the time they had submitted their briefs on the first administrative appeal, the BRB had not issued its opinion in *Lyon*. The BRB answered this objection by noting that *Lyon* was published on July 25, 1984, and that the BRB rendered its decision on the first appeal on January 24, 1986. Inasmuch as there was clearly sufficient time for the companies to file a supplemental brief with the BRB raising *Lyon* on the first appeal, and since the burden was on the companies to file such a brief raising the issue, the BRB denied the motion to reconsider.

On this petition for review the companies argue that the ALJ erred in not concluding that the medical evidence indicating that the decedent did not have pneumoconiosis rebutted the interim presumption established by the pulmonary function study. They further contend that the BRB erred in departing from its past practice of applying subsequent decisional law, even though that subsequent law was not argued in briefs.

■ We are persuaded by the reasoning of the BRB's *Hoffman* decision, which, we observe, follows earlier BRB precedent, *see, e.g., Nagle v. Barnes & Tucker Co.*, 1 Black Lung Rep. (MB) 1–961 (Ben.Rev.Bd. 1978), represents a position the BRB continues to apply, *see, e.g., Stephens v. Bethlehem Mines Corp.*, 8 Black Lung Rep. (MB) 1–350, 1–352 (Ben.Rev.Bd.1985), and states a rule accepted by four other Courts of Appeals. *See Adams v. Peabody Coal Co.*, 816 F.2d 1116, 1119 (6th Cir.1987); *Wetherill v. Director, OWCP*, 812 F.2d 376, 382–83 (7th Cir.1987) (dicta); *Black Diamond Coal Mining Co. v. Benefits Review Board*, 758 F.2d 1532, 1534 (11th Cir. 1985); *Kaiser Steel Corp. v. Director, OWCP*, 748 F.2d 1426, 1430–31 (10th Cir. 1984). It is perfectly reasonable to discredit an expert's conclusion with regard to whether a condition defined by statute and regulation does or does not exist when that expert bases his conclusion on a premise

---

been discredited. Inasmuch as the ALJ, on remand, independently analyzed Dr. Paul's testimony and concluded that on the record before him Dr. Paul evidenced a hostility to the Act, we need not address the issue of whether it would be proper for an ALJ to rely on the fact that an expert witness was discredited in one case as a basis to discredit him in another case.

There is no merit in the companies' argument that the ALJ viewed the remand order as a direction to find Dr. Paul hostile; it is clear that the ALJ considered the order as a directive merely to consider the issue. In his decision on remand the ALJ stated that he was following "the Board's direction to determine whether Dr. Jay Paul, in his opinion in this record, demonstrated hostility to the Act." Moreover, in denying a motion for reconsideration from his order on remand the ALJ stated: "the [BRB] ... specifically directed me to consider that issue."

7. Although the ALJ reviewed the evidence of record in reaching this conclusion, he observed in a footnote that the companies had conceded on remand that if Dr. Paul's testimony was excluded, then the interim presumption remained unrebutted.

fundamentally at odds with the statutory and regulatory scheme.

■ The interim presumption may be invoked if any one of several forms of evidence are presented, thus demonstrating the premise that one form could manifest itself in the absence of the others. Consequently, when Dr. Paul insisted that in the absence of x-ray evidence none of the other forms of evidence were sufficient to raise a presumption of disability attributable to pneumoconiosis,[8] it was within the proper scope of the ALJ's discretion to discredit his testimony.[9]

■ The interim presumption may be rebutted under 20 C.F.R. § 727.203(b)(3) if a preponderance of the evidence establishes that the miner's total disability is not caused "in whole or in part" by his coal mine employment. Excluding Dr. Paul's testimony, none of the medical reports in the record ruled out a causal connection between James Mercatell's respiratory disability and his coal mine employment. Thus, the companies failed to carry their burden of proof to rebut the interim presumption. Accordingly, we must conclude that there is substantial evidence in the record as a whole supporting the ALJ's award of benefits. *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 162 (3d Cir. 1986).

In reaching our result, we have not overlooked *Endrizzi v. Bethlehem Mines Corp.*, 8 Black Lung Rep. (MB) 1–11 (1985), cited by the companies, which holds that an ALJ's acceptance of a medical expert's opinion implicitly finds that the medical expert is not hostile to the Act. Rather, we do not see how that case helps them. In *Endrizzi* the BRB remanded the matter to the ALJ for consideration of whether a medical expert's opinion should be discredited as hostile to the Act. The ALJ, on remand, accepted the expert's opinion. Like in *Endrizzi*, the ALJ in this case accepted the expert's opinion at the first hearing but, unlike in *Endrizzi*, the ALJ discredited that opinion on remand.

■ Nor have we overlooked the companies' reliance on *Burton v. Drummond Coal Co.*, 7 Black Lung Rep. (MB) 1–194 (Ben.Rev.Bd.1984), in which the BRB said it was irrational and inconsistent for the Director to contend that physicians whom he had employed himself to make examinations were hostile to the Act. The companies cite *Burton* as they contend the Director has employed Dr. Paul "on dozens, if not over a hundred cases." While there may be substance to this argument, inasmuch as it was not presented to the BRB on the first administrative appeal we view it as waived.[10]

In view of the aforesaid we will affirm the order of October 31, 1988, denying the companies' motion for reconsideration.

**8.** By thus excluding pneumoconiosis as a possible cause for James Mercatell's disability, Dr. Paul concluded that the respiratory disability was solely caused by lung cancer.

**9.** The Director takes the position in this appeal that, contrary to the BRB's decision in *Lyon*, the issue of a medical expert's hostility to the Act may be raised initially in an administrative appeal to the BRB. *See* Brief at 20 n. 13. We will not express an opinion on this position inasmuch as the companies did not object to this issue being raised in the first administrative appeal.

**10.** We observe, however, that in *Burton* the BRB found that the record did not support the finding that the physicians in that case were hostile to the Act. Thus the argument that the Director was barred from attempting to discredit the physicians was dicta which is properly limited to the context of that case. Furthermore, in view of our conclusion we have no occasion to consider the effect of the Director's action on the standing of the claimants to raise the issue of Dr. Paul's hostility.