881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul CRAWFORD, Petitioner,
v.
SHAMROCK COAL CO., INC., and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 88-3883.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 Before MERRITT and KENNEDY, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Petitioner Paul Crawford seeks review of an order of the Benefits Review Board (BRB) denying his claim for black lung benefits. Because we conclude that substantial evidence supports the Director's decision, we affirm.
 
 
 2
 Petitioner established 19 years of coal mine employment. He left respondent Shamrock Coal Co. in 1982 due to a hemorrhage of the lung and has not worked since. Petitioner filed a claim for black lung benefits on June 6, 1983, which was denied after a hearing by an ALJ. The BRB affirmed the ALJ's order, and petitioner brought this appeal.
 
 
 3
 This Court's review of BRB decisions is limited. The Board's decision must be upheld if it was based upon "substantial evidence." Under this test, "an appellate tribunal may not reweigh the evidence or make credibility determinations." Adams v. Peabody Coal Co., 816 F.2d 1116, 1120 (6th Cir.1987). Petitioner is eligible for benefits if his coal mine employment gave rise to totally disabling pneumoconiosis. The ALJ found that petitioner does have pneumoconiosis; and since petitioner worked in mining for over ten years, the applicable regulations create a presumption that his pneumoconiosis arose out of coal mine employment. 20 C.F.R. Sec. 718.203. Therefore, the only issue in this case is whether substantial evidence supports the ALJ's determination that petitioner is not totally disabled by pneumoconiosis.
 
 
 4
 Petitioner relied on medical reports and blood-gas studies to establish total disability. Sharply contradictory medical reports from several physicians were submitted.[1] Dr. Glen Baker, who saw petitioner on July 25, 1983, diagnosed occupational pneumoconiosis and chronic obstructive airways disease. A blood-gas study by Dr. Baker produced nonqualifying values. Dr. Baker's report did not state whether he considered petitioner's condition disabling, but in deposition testimony he opined that petitioner could not perform coal mine work or other arduous manual labor. In September of 1983, petitioner was examined by Dr. Harold Bushey, who diagnosed coal worker's pneumoconiosis. However, blood-gas tests performed by Dr. Bushey failed to produce qualifying values, and Dr. Bushey did not express any opinion as to whether petitioner was disabled. Dr. W.F. Clarke--who also examined petitioner that September--agreed with Dr. Baker, concluding that petitioner was disabled from all work in dusty environments. Dr. John Meyers examined petitioner in October 1985. He diagnosed coal miner's pneumoconiosis and concluded that petitioner "should not return to underground coal mining due to the radiographic findings." However, ventilatory studies by Dr. Meyers failed to indicate total disability.
 
 
 5
 Medical reports obtained in 1984 from Dr. Ballard Wright and Dr. William Anderson disagreed with Dr. Clarke and Dr. Baker. Dr. Wright conducted both ventilatory and blood-gas studies--neither of which met the listings for disability. He concluded that petitioner suffered from a moderate obstructive airflow defect which would not preclude coal mine work. Similarly, Dr. Anderson found that petitioner suffered from "[m]ild pulmonary emphysema with minimal obstructive ventilatory defect, not sufficient to be disabling." Dr. Anderson ascribed petitioner's pulmonary problems to his history of cigarette smoking, not coal dust exposure.
 
 
 6
 The resolution of a conflict in medical evidence is a part of the ALJ's "essential fact-finding function." Tennessee Consolidated Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989). "Determinations of whether a physician's report is sufficiently documented and reasoned is a credibility matter left to the trier of fact." Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985). Both Dr. Wright and Dr. Anderson found that petitioner's pneumoconiosis was not totally disabling, and their conclusions were reinforced by all of the ventilatory studies and two of the three blood-gas studies. In light of these reports and studies, we cannot say that the ALJ's findings of fact were unsupported by substantial evidence.
 
 
 7
 Petitioner argues that Dr. Anderson's blood-gas study established that he is totally disabled. "In the absence of contrary probative evidence," a blood-gas test which produces qualifying values is sufficient to establish total disability. 20 C.F.R. Sec. 718.204(c). Dr. Anderson's blood-gas study performed on July 30, 1984 produced qualifying values, but the ALJ found that the results were contradicted by "contrary probative evidence." It is well settled that where "there are mixed positive and negative blood gas study results and the ALJ appears to have conducted a careful weighing of the results, this court should not intervene." Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989). In the present case, the contrary evidence evaluated by the ALJ included the opinions of examining physicians, the negative ventilatory studies, and two earlier blood-gas studies--the most recent being only three months prior to Dr. Anderson's test--which indicated nonqualifying values.[2] This contrary evidence is probative and substantial. Therefore, we will not disturb the ALJ's evaluation of petitioner's blood-gas results.
 
 
 8
 For the foregoing reasons, the petition for review is denied and the order of the Benefits Review Board is AFFIRMED.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 In addition, numerous physicians reviewed petitioner's x-rays. Since the Director concedes that petitioner suffers from pneumoconiosis, it is not necessary to review the x-ray reports
 
 
 [2]
 These studies were performed on April 14, 1984 and July 25, 1983