972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ARMCO, INC., Petitioner,
v.
Ross JOHNSON; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 92-1026.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 13, 1992
Decided: August 20, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (90-1274-BLA)
 George D. Blizzard, II, Shaffer & Shaffer, Madison, West Virginia, for Petitioner.
 Louis R. Tabit, Montgomery, West Virginia, for Respondent.
 Ben.Rev.Bd.
 Affirmed.
 Before PHILLIPS, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Armco, Incorporated ("Armco") appeals from a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") decision awarding black lung benefits to Ross Johnson, a former coal miner. The ALJ found that Johnson invoked the interim presumption pursuant to 20 C.F.R. § 727.203(a)(1) and (4) (1991) and that Armco failed to rebut this presumption. Accordingly, benefits were awarded. We affirm.*
 
 
 2
 Armco's sole contention on appeal is that the ALJ erred by failing to consider the report of its vocational expert, Ms. Laura Jones, in her evaluation of rebuttal pursuant to § 727.203(b)(2). We find, however, that Ms. Jones's report cannot aid Armco's attempts to establish rebuttal under subsection (b)(2). Initially, we note that Ms. Jones does not address Johnson's "usual coal mine work" as a scoop operator, but rather his prior jobs as a car shop repairer and continuous miner operator. See Bowling v. Director, Office of Workers' Compensation Programs, 920 F.2d 342 (6th Cir. 1990); Shortridge v. Beatrice Pocahontas Coal Co., 4 BLR 1-534 (1982). In any event, Ms. Jones's report is not relevant to the issue of Johnson's ability to perform his usual coal mine work, since this is strictly a medical determination. See Adams v. Peabody Coal Co., 816 F.2d 1116 (6th Cir. 1987); Coletti v. Consolidation Coal Co., 6 BLR 1-698 (1983).
 
 
 3
 While Armco contends that the ALJ erred by failing to consider Ms. Jones's report in connection with the issue of Johnson's ability to perform "comparable work," we note that her report does not address this issue. Moreover, even if Ms. Jones's report did not contain the deficiencies discussed, we would still find it insufficient as a matter of law to establish rebuttal pursuant to subsection (b)(2), since it merely evaluates Johnson's ability to perform coal mine work "taking into consideration only pulmonary functioning ability." A finding that a miner can perform his usual coal mine work or comparable work from a pulmonary standpoint is insufficient to establish rebuttal under our decision in Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890 (4th Cir. 1987), where we held that subsection (b)(2) is concerned with the question of whether miners are totally disabled for whatever reason . 812 F.2d at 894.
 
 
 4
 Accordingly, the decision of the Benefits Review Board is affirmed.
 
 AFFIRMED
 
 
 *
 Both parties agreed to have this appeal decided on the briefs