48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James H. PHILLIPS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Bishop Coal Company,
Respondents.
 No. 94-1561.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 22, 1994.
Decided Feb. 23, 1995.
 
 James H. Phillips, Petitioner pro se. Patricia May Nece, Barry H. Joyner, United States Department of Labor, Washington, DC; Mary Rich Maloy, Jackson & Kelly, Charleston, WV, for Respondents.
 Before WILKINS, HAMILTON and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Phillips seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). The only issue in this case concerns the propriety of the ALJ's finding of rebuttal pursuant to 20 C.F.R. Sec. 727.203(b)(3) (1994). The ALJ found rebuttal under subsection (b)(3) in this case because no physician of record directly contradicted the opinions of Drs. Abernathy, Kress, and Morgan that the miner's presumed totally disabling pulmonary impairment did not arise out of coal mine employment. Phillips has appealed pro se, but the Director, Office of Workers' Compensation Programs (Director), has filed a brief arguing that the medical opinions relied on by the ALJ in finding rebuttal are insufficient as a matter of law to support subsection (b)(3) rebuttal, and that an award of benefits is appropriate in this case.
 
 
 2
 The ALJ found the X-ray evidence of record sufficient to establish pneumoconiosis and invoke the interim presumption of entitlement pursuant to 20 C.F.R. Sec. 727.203(a)(1) (1994). Each of the employer's physicians found insufficient evidence to warrant a diagnosis of pneumoconiosis. The Director argues that the physicians' erroneous assumption that the miner did not suffer from pneumoconiosis undermines the probative value of their opinions that pneumoconiosis or coal mine employment did not contribute to the miner's disability. The Director relies on our recent decision in Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416 (4th Cir.1994), and cases cited in that opinion, see id. at 419, 420, as support for his position.
 
 
 3
 We decline, however, to read these cases as broadly as the Director does. The cases stop short of holding that a physician's erroneous assumption that the miner does not have pneumoconiosis automatically discredits his opinion regarding the etiology of the miner's impairment or disability. Instead, the cases are consistent with the principle that a physician's opinion regarding a particular issue or element may be discredited where his improper bias provides the actual basis for his opinion. See Adams v. Peabody Coal Co., 816 F.2d 1116, 1119 (6th Cir.1987). Thus, in Grigg, we found a physician's opinion that the miner had no impairment was not worthy of much, if any weight, where the physician "premised [his opinion] on an erroneous finding that the claimant does not suffer from pneumoconiosis." Grigg, 28 F.3d at 419.
 
 
 4
 The cases we cited to in Grigg contain similar language reflecting the physician's actual reliance on his improper bias in rendering his conclusion. See Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1042 (6th Cir.1993) ("main point" of doctor's opinion was that miner did not have pneumoconiosis); Peabody Coal Co. v. Shonk, 906 F.2d 264, 271 (7th Cir.1990) (ALJ's "implicit mistrust" of reports finding disability due to cardiovascular disease not irrational where physicians rejected any possibility that miner had pneumoconiosis, and one physician specifically stated that the miner had "no primary pulmonary disease that would have been disabling"); Garcia v. Director, Office of Workers' Compensation Programs, 869 F.2d 1413, 1417 (10th Cir.1989) (finding that breathing impairment was nonrespiratory was "based on a finding that [the miner] did not have pneumoconiosis.").
 
 
 5
 Of the three physicians at issue, only Dr. Morgan arguably premised his finding of no causation on his belief that Phillips did not have pneumoconiosis. In finding no evidence to suggest a relationship between the miner's airway obstruction and his coal mine employment, Dr. Morgan stated, "I can say this with a fair degree of certainty in view of the fact that he has no radiographic evidence of coalworkers' pneumoconiosis or anything else to indicate that he has had excessive exposure to coal mine dust." It also appears that Dr. Morgan may have underestimated the length of the miner's coal mine employment.
 
 
 6
 The reports of Drs. Kress and Abernathy, however, discuss the cause of the miner's respiratory impairment separately and distinctly from their findings of no pneumoconiosis. Dr. Kress found no pneumoconiosis because a majority of expertly qualified readers interpreted the miner's X-rays negatively for pneumoconiosis, and because those readers who found pneumoconiosis found nodules only in the miner's lower lung zones, whereas Dr. Kress stated that pneumoconiosis produces changes in the upper zones. His discussion, however, of the cause of the miner's respiratory impairment did not discuss these factors or rely on his ultimate finding of no pneumoconiosis. Rather, he cited factors such as the absence of a restrictive form of impairment, or of an impaired diffusion capacity, and the miner's improvement on blood gas testing following exercise, as the basis for his finding of no impairment attributable to coal mine employment. He attributed the miner's impairment, instead, to his lengthy smoking history.
 
 
 7
 Dr. Abernathy also attributed the miner's respiratory impairment to smoking, although he believed that obesity also played a role. His finding of no connection between the miner's impairment and his coal mine employment cannot be construed to be predicated on his finding of no pneumoconiosis because, at his deposition, Dr. Abernathy commented that even if X-rays had shown early pneumoconiosis, he still would not have connected the miner's impairment to pneumoconiosis. At the same deposition, he stated that he could "rule out" pneumoconiosis as the cause of any of the miner's respiratory impairment. Although Phillips challenged whether the ALJ employed the correct standard in finding subsection (b)(3) rebuttal before the Board, we note that this language mirrors the standard for establishing subsection (b)(3) rebuttal. See Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993); Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984).
 
 
 8
 We therefore conclude that, even without Dr. Morgan's report, the evidence was sufficient to support the ALJ's finding of subsection (b)(3) rebuttal. Accordingly, the decision of the Board is affirmed. In view of our disposition, and because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process, we deny Bishop Coal Company's motion for oral argument.
 
 AFFIRMED