**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHERRELL L. TERRY,
Petitioner,

v.

BETHENERGY MINES, INCORPORATED;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 97-2738

On Petition for Review of an Order
of the Benefits Review Board.
(97-407-BLA)

Submitted: May 5, 1998

Decided: June 1, 1998

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger D. Forman, FORMAN & CRANE, L.C., Charleston, West Vir-
ginia, for Petitioner. Mary Rich Maloy, JACKSON & KELLY,
Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sherrell Terry seeks review of the Benefits Review Board's ("Board") decision and order affirming the administrative law judge's ("ALJ") denial of black lung benefits pursuant to 30 U.S.C.A. §§ 901- 945 (West 1986 & Supp. 1994). The ALJ evaluated this claim under 20 C.F.R. Part 718 (1997), of the applicable regulations, and found the medical opinion evidence of record sufficient to establish pneumoconiosis, but insufficient to establish a totally disabling respiratory impairment. The Board affirmed the finding of no total disability, rendering it unnecessary to reach Bethenergy Mines' ("employer") challenges to the ALJ's finding of pneumoconiosis.

Terry's appeal focuses on the ALJ's weighing of the medical opinion evidence. Dr. Rasmussen found Terry to be totally disabled while the physicians hired by the employer, Drs. Morgan, Crisalli, and Morgan, all found little or no respiratory impairment which would not prevent Terry from performing his usual coal mine employment. Terry contends that the ALJ erred by refusing to evaluate the bias of the employer's physicians, based on the fact that they were compensated and are regularly compensated for their opinions. He also asserts that Dr. Morgan's opinion should have been discredited because the ALJ rejected his opinion concerning the issue of pneumoconiosis on the ground that it was hostile to the Act. He also maintains that the ALJ should have discredited Dr. Fino's opinion concerning disability because this Court found that Dr. Fino rendered an opinion hostile to the Act in another, unpublished case nearly two years ago.

In Underwood v. Elkay Min., Inc., 105 F.3d 946 (4th Cir. 1997), we stated, albeit in dicta, that an ALJ should consider whether an expert's opinion was based on an independent examination of the record or was "the product of bias in favor of the party retaining the

2

expert and paying the fee." Id. at 951. The Supreme Court has held, however, that bias cannot be presumed merely because an expert is compensated for his opinion. See Richardson v. Perales, 402 U.S. 389, 403 (1971). Because Terry identifies no other factor suggestive of bias in this case, the ALJ properly considered the reports of the employer's physicians.

Courts have also held that it is not necessarily inconsistent to credit a physician's opinion regarding one element while rejecting his view concerning another element of a black lung claim. See Adams v. Peabody Coal Co., 816 F.2d 1116, 1119 (6th Cir. 1987). In this case, the ALJ rejected Dr. Morgan's finding of no pneumoconiosis because it was based on the premise that because the miner worked as a foreman and performed most of his work after implementation of the air safety standards imposed by the Federal Coal Mine Health and Safety Act, he was exposed to little coal dust. The ALJ found that premise inimical to the Act and regulations, which assume that a person with Terry's years of qualifying coal mine employment is potentially subject to the contraction of pneumoconiosis.

Dr. Morgan's view on this issue, however, did not bear in any way upon his assessment of the issue of disability. His finding of no disability hinged primarily on his evaluation of the objective laboratory tests. All physicians of record interpreted the data similarly. Dr. Rasmussen initially agreed with the remaining physicians of record that the miner was not disabled, but changed his mind based on a diffusion capacity test performed by Dr. Crisalli. He stated that under the "Crappo" standards which he uses for determining predicted normals for diffusion capacity, Dr. Crisalli's diffusion test reflected a significant diffusion abnormality.

The ALJ, however, thoroughly discussed the competing views of Drs. Rasmussen and Crisalli concerning the use of "Crappo" standards, and rationally accepted Dr. Crisalli's explanation that his hospital discarded the standards for all patients after repeatedly finding that they resulted in abnormal diffusion capacity findings that were inconsistent with all remaining data, in both miners and non-miners. The ALJ also noted Dr. Rasmussen's concession that if Dr. Crisalli's diffusion capacity results reflected the abnormality he suggested, then Terry's diffusion capacity had changed within the six-month period

3

since his prior diffusion testing to a degree which would be very unusual.

We must affirm the Board's decision if it properly found that the ALJ's decision is supported by substantial evidence and in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995). The opinions of Drs. Morgan, Fino, and Crisalli provide substantial evidence supporting the ALJ's decision, and Terry identifies no legal error in the ALJ's weighing of the evidence. The ALJ provided rational reasons for crediting their opinions over Dr. Rasmussen's opinion regarding the issue of disability. Contrary to Terry's assertion, Dr. Fino's statements in another case do not bear on the adequacy of his testing, reasoning, and conclusions in this case. Even if they did, however, the reports of Drs. Morgan and Crisalli, alone, sufficiently support the ALJ's decision.

Accordingly, we affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4