**PEABODY COAL COMPANY and Old Republic Insurance Co., Petitioner,**

v.

**Betty HOLSKEY (widow of Elwood Holskey) and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 88-3987.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 3, 1989.

Decided Oct. 24, 1989.

David J. Millstone argued, Maria J. Codinach, Squire, Sanders & Dempsey, Cleveland, Ohio, for petitioner.

Clifford M. Farrell, Eileen S. Goodin argued, Virginia K. Mayle, Barkan & Neff, Columbus, Ohio, for Etty Betty Holskey.

Barbara J. Johnson, Bruce A. McDonald, Elizabeth Hopkins argued, U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., for Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor.

Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and WALINSKI, Senior District Judge.*

WALINSKI, Senior District Judge.

Petitioner, Peabody Coal Company, seeks review of an order of the Benefits Review Board (BRB) granting respondent, Betty Holskey's claim for black lung benefits. Because we conclude that substantial evidence supports the Director's decision, we affirm.

Elwood Holskey filed a claim for black lung benefits on June 18, 1975, which was initially denied by the Department of Labor's Office of Workers' Compensation Programs (OWCP). On June 28, 1976 the miner informed the Department of Labor that he was appealing the decision denying benefits. Following the miner's death on January 16, 1979, respondent, Betty Holskey filed a timely claim for benefits as the widow of the deceased miner. The OWCD approved the miner's and the survivor's claims on April 10, 1980 and notified Peabody Coal Company of its liability. On May 8, 1980, the employer filed a notice of controversion. The case was thereafter referred to an Administrative Law Judge (ALJ) who awarded benefits after a formal hearing. The BRB affirmed the ALJ's order, and petitioner brought this appeal.

▉ This Court's review of BRB decisions is limited. The Board's decision must be upheld if it was based upon "substantial evidence." Under this test, "an appellate tribunal may not reweigh the evidence or make credibility determinations." *Adams v. Peabody Coal Co.*, 816 F.2d 1116 (6th Cir.1987). Respondent is eligible for bene-

fits if his coal mine employment gave rise to totally disabling pneumoconiosis. The ALJ found, and the BRB affirmed, that respondent does have pneumoconiosis. In addition, since respondent worked in mining for over ten years, the applicable regulations create a presumption that his pneumoconiosis arose out of coal mine employment. 20 C.F.R. § 718.203. The ALJ further found that petitioner failed to rebut the interim presumption of total disability and death due to pneumoconiosis. 20 C.F.R. § 727.203(b)(3), (4).

The first issue in this case is whether substantial evidence and applicable law supports the ALJ's determination that petitioner failed to rebut the presumption. The second issue arises out of the United States Department of Labor's five year delay in serving notice of the coal miner's claim and whether that delay violated the operator's right to due process of law.

Beginning in 1973, claimant reported shortness of breath, coughing, and wheezing. Dr. B.C. Chendray first diagnosed Mr. Holskey with chronic destructive pulmonary disease with URI and post left thoracotomy status for lung abscess. In 1975 Dr. Chendray examined the miner and noted his smoking and coal mine history. The doctor reported that Mr. Holskey was suffering from chronic bronchitis and emphysema and was consequently considerably disabled. He opined that the condition was related to dust exposure. Dr. Lee reported in 1977 that Mr. Holskey suffered from carcinoma of the left lung, chronic destructive pulmonary disease and arteriosclerotic heart disease. However, Dr. Lee failed to comment on the probable cause of Mr. Holskey's illness. Dr. C.L.A. Wehr confirmed Dr. Lee's diagnosis of carcinoma but also declined from assessing its cause. Dr. Lee's final diagnosis was matastic cancer of lung, poorly differentiated metastic to liver and brain, and chronic obstructive pulmonary disease. The claimant died on January 16, 1979. Dr. Murray Altose reviewed medical records and in September,

---

* The Honorable Nicholas J. Walinski, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1980 opined that the miner did not have pneumoconiosis and that his illness was caused by cigarette smoking. Dr. Altose made no comment on claimant's 36 years of coal mine history.

The ALJ held that pursuant to § 717.203(a) the miner was presumed to be totally disabled due to pneumoconiosis arising out of coal mine employment. The presumption was applicable as a result of the coal miner's 36 years of coal mine employment together with his established lung cancer and qualifying ventilatory study. 20 C.F.R. § 921(c)(2), (4), § 727.203(a), § 727.203(a)(2).

█ Further the ALJ found that no rebuttal had occurred pursuant to § 727.203(b)(3) or (4).[1] Rebuttal can only be established under § 727.203(b)(3) where the party opposing entitlement can show there is no significant relationship between the miner's total disability and his occupational exposure. *See Borgeson v. Kaiser Steel Corp.*, BRB No. 81–1834 BLA (Oct. 10, 1985); *York v. Benefits Review Board*, 819 F.2d 134 (6th Cir.1987). Whereas 20 C.F.R. § 727.203(b)(4) provides for rebuttal if the party can show that the miner did not have pneumoconiosis.

Petitioner claims that substantial evidence does not support the ALJ's decision. Petitioner further asserts that negative x-ray reports show Mr. Holskey did not have pneumoconiosis and that substantial evidence establishes the miner's illness and death occurred due to cigarette smoking and not coal mine employment.

█ Negative x-rays do not conclusively rebut the interim presumption. A miner may be found to be totally disabled as a result of pneumoconiosis in spite of a lack of positive x-rays. *Ansel v. Weinberger*, 529 F.2d 304 (6th Cir.1976).

█ In the present case, the ALJ considered four reports in all, two by physicians that treated the miner, Dr. Wehr and Dr. Lee, one by the examining physician, Dr. Chendray, and one by a consulting physician, Dr. Altose. Dr. Wehr diagnosed pulmonary emphysema and carcinoma of the lung; however, he failed to comment on the cause. Dr. Lee also diagnosed carcinoma of the lung and chronic obstructive pulmonary disease, but also failed to comment on its etiology. Therefore, the ALJ properly accorded the diagnosis lesser weight. This left Drs. Chendray and Altose's report. Dr. Chendray diagnosed bronchitis and emphysema and opined that these conditions were related to coal mine employment. In addition, Dr. Chendray examined the patient. Whereas, Dr. Altose's diagnosis failed to explain and give reasons for his opinion and he only reviewed medical records. Therefore, the ALJ properly accorded Dr. Altose's opinion, that the evidence revealed lung cancer and obstructive pulmonary disease due to heavy cigarette smoking, lesser weight. *See Blevins v. Peabody Coal Co.*, 6 BLR 1–750 (1983). Accordingly, we find that there is substantial evidence to support the ALJ's decision that petitioner failed to rebut the finding of total disability due to pneumoconiosis under § 727.203(b)(3).

The petitioner claims that rejection of Dr. Altose's report is contrary to law, that the opinions of nonexamining physicians may be sufficient to rebut statutory presumptions, and that the opinion of a pulmonary specialist, such as Dr. Altose, should be entitled to greater weight. Petitioner cites *Underhill v. Peabody Coal Company*, 4 BLR 1–62 (1981):

> Consequently, if a qualified physician has expressed in his documentation medical opinion that an individual claimant does not have pneumoconiosis and, in the same report has diagnosed the existence of other respiratory or pulmonary conditions, it is inherent in this determination that the diagnosis conditions are not medically identifiable as pneumoconiosis.

We agree with petitioner's recitation of the law. However, the ALJ did not reject Dr. Altose's report. Instead, the ALJ properly considered the report in conjunction

---

1. In addition, rebuttal may occur pursuant to § 727.203(b)(2). However, since petitioner does not appeal the finding of the ALJ as to lack of rebuttal under this provision, we will not discuss that specific provision.

with other evidence and found it unpersuasive. Dr. Chendray noted in his report both the patient's cigarette smoking and his work history. Dr. Altose did not. Therefore, the ALJ's finding that no rebuttal occurred under § 727.203(b)(4) is proper and supported by substantial evidence.

 Next we will address petitioner's allegation that the five year delay in notification amounts to denial of due process of law. Petitioner claims that the five year notice delay prevented them from obtaining a report by an examining physician. Further, petitioner declares that since the ALJ accorded greater weight to the examining physician's report, they were unduly prejudiced by the delay.

The regulations that were in effect in 1975, the year the miner filed his claim, provided that a responsible operator was not to be notified until a preliminary investigation of the claim by the Office of Workers' Compensation Programs was completed and reported that the claim should be approved. 20 C.F.R. § 725.140 (1975). The Fifth Circuit in *U.S. Pipe and Foundry Co. v. Webb*, 595 F.2d 264, 273–74 (5th Cir.1979) held that the regulations were constitutional:

> Because most claims submitted are not approved, a responsible operator need not be identified or notified in most cases. This scheme minimizes the administrative time and effort used in processing black lung claims; in fact, the Director asserts that, without 20 C.F.R. § 725.140 and § 725.151, implementing the black lung benefits program would be impossible.

In the case *sub judice*, the Department of Labor followed its regulations. In addition, respondent's claim of undue prejudice is not well taken. Dr. Altose's report was found unpersuasive for several reasons. In addition to noting that Dr. Altose did not examine the miner, the ALJ noted numerous times that Dr. Altose gave no basis for his diagnosis. "Based upon [his] failure to explain and give reasons for his opinion, I find that the opinion of Dr. Altose does not constitute a reasoned medical opinion, even though he describes it as such." 83 BLA 6865 (1988). As such, the statutory presumption did not become irrebuttable due to the delay, as petitioner claims. The operator did have ample opportunity to defend against the claims at issue. We find his cases inapplicable and argument unpersuasive. Therefore, we will not disturb the ALJ's evaluation of the evidence.

For the foregoing reasons, the petition for review is denied and the order of the Benefits Review Board is AFFIRMED.