**MIDLAND COAL COMPANY and Old Republic Insurance Company, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and Dorothy Kelly, Respondents.**

**No. 96–3564.**

United States Court of Appeals, Seventh Circuit.

Argued May 29, 1997.

Decided July 17, 1997.

Mark E. Solomons, Laura M. Klaus (argued), Arter & Hadden, Washington, DC, for petitioners.

Jennifer U. Toth (argued), Department of Labor, Appellate Division, Christian P. Barber, Department of Labor, Office of the Solicitor, Washington, DC, for respondent Office of Workers' Compensation Programs.

Ronald Henson, Christopher Henson (argued), Mustain, Lindstrom & Henson, Galesburg, IL, for respondent Dorothy Kelly.

Thomas O. Shepherd, Jr., Donald S. Shire, Department of Labor, Office of the Solicitor, Washington, DC, for Benefits Review Board.

Before CUMMINGS, KANNE and ROVNER, Circuit Judges.

CUMMINGS, Circuit Judge.

James P. Kelly, then a Midland Coal Company employee, was an Illinois coal miner for some 33 years when he filed an application for pneumoconiosis benefits with the Department of Labor under the Black Lung Benefits Act (30 U.S.C. §§ 901–945) on July 13, 1976. On August 7, 1980, the district director notified Kelly that his claim was being adjudicated under the 1977 amendments to the Act. The district director denied the claim on October 3, 1980. On June 17, 1981, Kelly requested reconsideration of the denial under 20 C.F.R. § 725.310. Kelly died in January 1982 before receiving a response.

After reconsidering Kelly's claim, the district director made a preliminary determination that Kelly's widow was entitled to benefits. On April 23, 1982, the district director so notified Midland Coal Company, Kelly's employer. Upon Midland's request, the case was referred to the Office of Administrative Law Judges for a hearing.

Before a hearing could be held, Mrs. Kelly and Midland filed motions requesting the transfer of liability for payment of benefits to the Black Lung Disability Trust Fund under 1981 amendments to the Act. After considering the evidence submitted to him, an administrative law judge found that liability for payment of those benefits did not transfer to the Trust Fund because the claim was not denied before March 1, 1978, as required by Section 205 of the Black Lung Benefits Amendments of 1981 (Federal Respondent's App. 25–26).

Another administrative law judge subsequently held a formal hearing and awarded benefits from Midland on the ground that Kelly had been totally disabled due to pneumoconiosis caused by his coal mine work. As the ALJ pointed out, although the month of onset of total disability is unclear, benefits are payable commencing with the month during which the claim was filed, so that benefits commenced July 1, 1976 (A–18). The Benefits Review Board affirmed that decision and denied reconsideration, resulting in this appeal by Midland and its insurer, Old Republic Insurance Company. It is deplorable that largely through administrative delays Mrs. Kelly has already had to wait more than 14 years before receiving an award of benefits.[1]

Discussion

Midland argues that its procedural due process rights were violated by irregularities and delays in the administrative adjudication of this claim, so that liability for payment of benefits should be transferred from Midland to the Black Lung Disability

---

1. Kelly died on January 1, 1982, and the Benefits Review Board did not deny Midland's second motion for reconsideration until August 19, 1996 (A–17).

Trust Fund. However, such a remedy is inappropriate since any error of the Benefits Review Board could be remedied by our ordering a remand to the ALJ as requested by Midland (Br.3334). But there is no need to remand to the ALJ since he already found on sufficient evidence that Kelly had pneumoconiosis, a basis for invoking the interim presumption of total disability due to that disease.

◼ While Midland claims that it should have been notified of Kelly's claim before he died, the Department of Labor was not required to notify Midland until after the initial determination of eligibility. *Peabody Coal Co. v. Holskey*, 888 F.2d 440, 443 (6th Cir. 1989); *U.S. Pipe & Foundry Co. v. Webb*, 595 F.2d 264, 275 (5th Cir.1979). After Kelly's death, Midland was able to defend against the claim. Because the miner filed only one claim, and that claim was not a "claim denied * * * more than 1 year prior to March 1, 1978" under 30 U.S.C. § 902(i), liability for payment of benefits did not transfer to the Trust Fund under the 1981 Amendments as urged by Midland and its insurer.[2] Award of benefits affirmed.

---

**2.** Petitioner's remaining arguments have been considered but merit no response.