NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0956n.06
Filed: December 7, 2005

No. 04-3723

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

BUNA HUNT, Widow and o/b/o ESTATE OF
BENNETT HUNT,

     Petitioner,

v.

KENTLAND ELKHORN COAL
CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES,

     Respondents.

_____/

On Review from the Decision of
the Benefits Review Board

BEFORE:    RYAN, GILMAN, and COOK, Circuit Judges.

     RYAN, Circuit Judge.     Buna Hunt brought a claim under the Black Lung Benefits

Act, 30 U.S.C. §§ 901-945, based on her deceased husband Bennett Hunt's work as a coal

miner for 36 years. The Administrative Law Judge (ALJ) denied Hunt's claim after finding

that she failed to show by a preponderance of the evidence that her husband's "total

disability was due to pneumoconiosis." The Benefits Review Board (BRB) upheld the ALJ's

decision after finding that there was substantial evidence to support it. On appeal, Hunt

seeks to overturn the BRB's decision affirming the ALJ's denial of benefits. Having

reviewed the record, we now **AFFIRM** the BRB's finding that the decision of the ALJ is

supported by substantial evidence.

**I.**

Our "'role in reviewing an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's conclusions.'" Jericol Mining, Inc. v. Napier, 301 F.3d 703, 708 (6th Cir. 2002) (quoting Gray v. SLC Coal Co., 176 F.3d 382, 387 (6th Cir. 1999)). "'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion.'" Id. (citation omitted).  Where the decision of the ALJ is reviewed by the BRB, the question presented to this court remains the same. Campbell v. Consolidation Coal Co., 811 F.2d 302, 303 (6th Cir. 1987).  Our standard of review does not ask "whether the Board's decision is supported by substantial evidence, but whether the Board was correct in concluding that the [ALJ]'s [factual findings were or were] not supported by substantial evidence."  Id.

## II.

Hunt's position on appeal, which is joined by the Department of Labor (DOL), is that the ALJ's decision that Bennett Hunt's total disability was not due to pneumoconiosis does not rest upon substantial evidence.  They challenge the ALJ's finding that the opinions of Doctors Gregory Fino and Lawrence Repsher were credible.  According to Hunt, both physicians' opinions were impermissibly based on premises inconsistent with the Black Lung Benefits Act.  In particular, it is claimed that Doctors Fino and Repsher do not believe that coal dust exposure can cause Chronic Obstructive Pulmonary Disease (COPD); that Doctor Fino does not believe that pneumoconiosis may progress; and that Doctor Repsher does not believe a miner may be disabled by pneumoconiosis if x-ray evidence is negative.

In Adams v. Peabody Coal Co., 816 F.2d 1116 (6th Cir. 1987), this court held that under some circumstances a physician's belief "'may constitute grounds for rejecting his medical opinion as inconsistent with congressional intent and the spirit of the Act.'"  Id. at

1119 (citation omitted).  To mandate rejection as a matter of law, the physician's bias must "'foreclose all possibility'" of a medical fact recognized by the Black Lung Benefits Act and, even then, it is only "'when the physician's predisposed belief forms the primary basis for his conclusion . . . that the physician's opinion may be discredited due to improper bias.'" Id. (citations omitted).  When examined in light of the evidence produced at the hearing, and the high threshold this standard sets for rejection of a physician's opinion, Hunt's claims regarding Doctors Fino and Repsher are unsustainable.

Hunt and the DOL argue that Doctors Fino and Repsher take as a premise that coal dust cannot cause COPD, a position that contradicts the language of 20 C.F.R. § 718.201(a)(2).  This regulation holds "'Legal pneumoconiosis' includes . . . any chronic restrictive or obstructive pulmonary disease arising out of coal mine employment."  20 C.F.R. § 718.201(a)(2) (emphasis added).  Both Doctors, however, discussed coal dust as a possible cause of COPD.  Doctor Fino stated that "coal dust exposure . . . can cause obstructive lung disease."  (Emphasis added.)  Doctor Repsher, meanwhile, stated that "inhalation of coal mine dust . . . can cause . . . chronic airways obstruction."  (Emphasis added.)

Neither of the physician's statements "foreclose all possibility" of coal dust causing COPD; rather, they merely contemplate what is likely and what, as Doctor Repsher said, "would be extraordinarily unusual."  Characterizing coal dust as unlikely to cause Bennett Hunt's COPD is a far cry from calling it incapable of causing it.  Moreover, Doctors Fino and Repsher give other reasons for their conclusion that Mr. Hunt's disability did not result from pneumoconiosis, such as his normal lung volumes, x-ray evidence, and the fluctuation of his blood gases.  Even if, as Hunt argues, Doctors Fino and Repsher are biased in general

against Black Lung claimants and tend to favor employers in these cases, the ALJ, following Adams, could reasonably have decided to credit their opinions in this case, provided the physicians' anti-claimant bias was not the primary basis for their opinions.

The DOL's claim that Doctor Fino does not accept that pneumoconiosis may progress after a coal miner no longer has exposure to coal dust is contradicted by the record. The DOL points to the fact that during the comment period prior to the enactment of 20 C.F.R. § 718.201(c), the DOL discussed and rejected Doctor Fino's position that simple pneumoconiosis cannot progress after coal dust exposure ceases. 65 Fed. Reg. 79,970 (Dec. 20, 2000). Be that as it may, Doctor Fino has testified on cross-examination in this case that pneumoconiosis "may be" progressive. For purposes of substantial evidence review of the ALJ's decision, we cannot ignore that Doctor Fino's evidence presented at trial is a more recent, oath-bound statement of his position.

The DOL also argues that Doctor Repsher believes a miner could not be disabled by pneumoconiosis if his x-rays were negative or showed only simple pneumoconiosis. This claim persists, despite the fact that Doctor Repsher specifically stated that this very thing is "certainly possible . . . , but it hasn't been reported." We are asked to understand the meaning of the word "possible" here as having only the thinnest separation from its opposite, such that, in the lexicon of any reasonable person, it would really mean "virtually impossible." The merits of this argument are less than obvious, and while the linguistic point is superficially impressive, it is not persuasive, especially since we review for substantial evidence.

Finally, we address the claim that, beyond improperly crediting the opinions of Doctors Fino and Repsher, the ALJ also erred by not crediting the position of Doctors

Baretta Casey and Maan Younes on the issue whether Bennett Hunt's pneumoconiosis caused his total disability. This circuit has rejected the claim, advanced here by Hunt, that the opinion of a treating physician, such as Doctor Casey, is entitled to automatic deference; rather, the treating physician's opinion deserves only such deference as is consistent with its persuasiveness. Peabody Coal Co. v. Odom, 342 F.3d 486, 492 (6th Cir. 2003).

Hunt also protests that the ALJ's reason for giving less weight to Doctor Casey's opinion—the fact that she did not address Bennett Hunt's smoking history—was illegitimate. Hunt argues that, contrary to the ALJ's statement, Doctor Casey did mention the smoking history. While the ALJ's statement about Doctor Casey failing to mention the miner's smoking history was incorrect, his decision to give less weight to Doctor Casey's opinion vis-a-vis the other experts is not "illegitimate," particularly since Doctor Casey seems to have mentioned Bennett Hunt's smoking history only on cross-examination and not in her letter or on direct examination. For all the evidence shows, the first time Doctor Casey considered Bennett Hunt's smoking history was when she was asked about it on cross-examination. Doctors Fino and Repsher, by contrast, both mentioned the smoking history in their letters and on direct examination.

Doctor Younes, meanwhile, is cited as additional support for Doctor Casey's opinion because the two physicians agree, a fact that is said to establish "more than a scintilla" of evidence that there is a connection between the total disability and the pneumoconiosis. While the "more than a scintilla argument" is used appropriately by a party seeking to confirm findings an ALJ makes, it is not, under our deferential standard of review, the measure by which to determine findings the ALJ should have made, but did not. Hunt's

burden is to show that the ALJ's decision is not supported by substantial evidence, a burden we think she has not carried.

**III.**

For the foregoing reasons, we find that the opinion of the ALJ in this matter was based upon substantial evidence and, therefore, we **AFFIRM** the decision of the BRB upholding it.