NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0391n.06
Filed: June 12, 2007

No. 06-4087

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DARRELL R. CURTIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE BENEFITS REVIEW |
| | ) | BOARD, UNITED STATES |
| PEABODY COAL COMPANY and | ) | DEPARTMENT OF LABOR |
| DIRECTOR, OFFICE OF WORKERS' | ) | |
| COMPENSATION PROGRAMS, UNITED | ) | |
| STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

_____

Before: MERRITT and GRIFFIN, Circuit Judges; and LAWSON, District Judge.[*]

PER CURIAM.

Petitioner Darrell Ray Curtis appeals the Decision and Order – Denial of Benefits of

Administrative Law Judge ("ALJ") Robert L. Hillyard and the subsequent affirmation of the benefits

denial by the Benefits Review Board of the United States Department of Labor ("Benefits Review

Board") on his benefits claims pursuant to the Federal Coal Mine Health and Safety Act of 1969, as

_____

[*]The Honorable David M. Lawson, United States District Judge for the Eastern District of
Michigan, sitting by designation.

-1-

amended, 30 U.S.C. § 901 *et seq.* ("the Act").  Curtis contends that the ALJ's decision to deny him benefits was unsupported by substantial evidence, not rational, and unsupported by law. Accordingly, Curtis urges this court to reverse.

For the reasons set forth below, we affirm.

I.

The crux of petitioner Darrell Curtis' federal benefits claim is whether he is entitled to federal black lung benefits.  Pursuant to the Act, and the regulations issued thereunder, benefits are awarded to persons who are totally disabled within the meaning of the Act due to pneumoconiosis.  30 U.S.C. §§ 901, *et seq.* as amended.  Pneumoconiosis is a dust disease of the lungs arising out of employment in the coal mines, a disease more commonly known as "black lung."  30 U.S.C. § 902(b).  The defining characteristic of pneumoconiosis for the purpose of the Act is that its symptoms arise as a consequence of being exposed to dust while working in coal mines.  20 C.F.R. § 718.201(b) (explaining that "a disease 'arising out of coal mine employment' includes any chronic pulmonary disease or respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment").

Curtis filed his claim for federal black lung benefits in September 2002, after having worked twenty-five years as a coal truck driver for Peabody Coal Company ("Peabody").  Curtis testified that during his employment with Peabody, he was exposed to coal dust on a daily basis.  Curtis retired from mining in April 1995, when he was laid off from work, but continued to work as a jailer, a job he held between 1990 and 1995.  Curtis testified that he has smoked off and on since the late 1960's

at a rate of up to two packs per day. After examining the smoking histories contained in the medical reports in conjunction with Curtis' testimony, the ALJ found that Curtis had a smoking history of over thirty-five years at a rate of up to two packs of cigarettes per day.

Following the filing of Curtis' claim, the Department of Labor ("DOL") arranged for a pulmonary examination for Curtis and collected his work history and medical evidence. On October 16, 2003, the DOL District Director proposed that Curtis' claim be awarded and ordered the requisite benefit payments. Peabody requested a hearing before an ALJ with regard to this decision. *Id.* A formal hearing was held before the ALJ on March 8, 2005, where four chest x-rays placed into evidence received conflicting interpretations by examining physicians. On September 7, 2005, the ALJ issued a decision acknowledging Curtis' total disability, but finding that the proffered evidence failed to establish the existence of pneumoconiosis as defined by 20 C.F.R. § 718.202(a)(1)-(4) and thus could not establish an entitlement to benefits pursuant to the Act. The five physicians who commented upon Curtis' condition were: Dr. William O'Bryan, a Board-Certified Internist, Pulmonologist, and B- reader; Dr. Glen Baker, a Board-Certified Internist, Pulmonologist, and B- reader; Dr. William C. Houser, a Board-Certified Pulmonologist, Critical Care Specialist, and B- reader; Dr. Lawrence Repsher, a Board-Certified Internist, Pulmonologist, and B- reader; and, Dr. Valentino Simpao, an examiner for the U.S. Department of Labor. After analyzing the findings of each physician, the ALJ concluded that, for a variety of reasons, the three favorable opinions were inadequately supported and / or not well-reasoned. Instead, the ALJ relied upon the negative opinion of Dr. O'Bryan, stating that "Dr. O'Bryan, a Pulmonary Specialist and B reader, provides

a well-reasoned opinion, based upon objective medical evidence, that the Claimant does not suffer from pneumoconiosis." Accordingly, the ALJ denied Curtis benefits.

Curtis appealed the ALJ's decision to the Benefits Review Board, contending that the ALJ should have found the existence of pneumoconiosis based on the x-ray and majority of medical opinion evidence. Further, Curtis argued that the ALJ should have found that the pneumoconiosis arose out of his coal mining employment. Citing its limited scope of review, the Benefits Review Board issued a per curiam opinion on June 20, 2006, stating that it found "no merit in claimant's contentions." In a written opinion, it determined that the ALJ "rationally credited the greater number of negative readings from those physicians with superior qualifications in the field of radiology to find that the x-ray evidence failed to establish the existence of pneumoconiosis." Further, "the [ALJ] acted within his discretion in crediting the opinion of Dr. O'Bryan, a board-certified pulmonologist, that claimant did not have either clinical or legal pneumoconiosis." Thus, the Benefits Review Board affirmed the decision of the ALJ.

Curtis timely appealed.

II.

On appeal to this court, Curtis proffers the same arguments he raised before the Benefits Review Board; namely, that the ALJ's decision was unsupported by substantial evidence, irrational, and unsupported by law. Specifically, Curtis contends that the "quantity and quality of the chest x-ray evidence of record establishes pneumoconiosis by a preponderance of the x-ray evidence," and

that "the claimant has established the existence of pneumoconiosis on the basis of the medical opinions of record."

As the respondent states, this appeal rests exclusively on Curtis' request that this court reweigh the evidence proffered at the hearing before the ALJ. This court's "'role in reviewing an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's conclusions.'" *Jericol Mining, Inc. v. Napier*, 301 F.3d 703, 708 (6th Cir. 2002) (quoting *Gray v. SLC Coal Co.*, 176 F.3d 382, 387 (6th Cir. 1999)). "We will not reverse the conclusions of an ALJ that are supported by substantial evidence, even if the facts permit an alternative conclusion." *Peabody Coal Co. v. Groves*, 277 F.3d 829, 833 (6th Cir. 2002) "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." *Id.* (internal quotation marks omitted). Where the decision of the ALJ has been reviewed by the Benefits Review Board, the question presented to this court remains the same. *Campbell v. Consolidation Coal Co.*, 811 F.2d 302, 303 (6th Cir. 1987). The standard of review "does not ask whether the Board's decision is supported by substantial evidence, but whether the Board was correct in concluding that the ALJ's factual findings were or were not supported by substantial evidence." *Hunt v. Kentland Elkhorn Coal Corp.* 159 F. App'x 659, 660 (6th Cir. 2005) (citation and internal quotation marks omitted).

In order to establish entitlement to benefits, pursuant to the Act, "a claimant must prove that: (1) he suffers from pneumoconiosis; (2) the pneumoconiosis arose out of coal mine employment; and, (3) the pneumoconiosis is totally disabling." *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415-16

(6th Cir. 1997). The claimant has the burden of proving each of these requirements "by a preponderance of the evidence, except insofar as he is aided by a presumption." *Id.* at 416. In support of these elements, Curtis proffered two general types of evidence: four x-rays interpreted nine times, and narrative medical opinions.

First, Curtis argues that the ALJ erred in his analysis of the proffered x-ray evidence. The ALJ characterized the x-ray evidence in the record as containing "three negative x-rays [including the two most recent films] and one inconclusive x-ray film." On appeal, petitioner "disputes the findings in regard to two of these x-rays." Specifically, petitioner contends the majority of physicians who rendered a reading of Curtis' chest x-rays did not give negative readings of the x-rays. *Id.* Nevertheless, petitioner does not dispute that the number of negative readings was derived from "physicians with superior qualifications in the field of radiology." The ALJ found the opinions of the physicians certified as "B readers" and "Board-certified radiologists" more persuasive "because of their expertise and proficiency in classifying x-rays." Of the "dually certified physicians [those who were both B readers and Board-certified radiologists]," the ALJ's review of the readings showed "four negative readings and two positive readings." Thus, the Benefits Review Board correctly stated, "the [ALJ] rationally credited the greater number of negative readings from those physicians with superior qualifications in the field of radiology to find that the x-ray evidence failed to establish the existence of pneumoconiosis." *See Staton v. Norfolk & Western Ry. Co.*, 65 F.3d 55, 59 (6th Cir. 1999) ("administrative factfinders must not rely solely on the quantity of readings on one side or the other, 'without reference to a difference in the qualifications of the readers or without an

examination of the party affiliations of the experts'") (quoting *Woodward*, 991 F.2d at 321 (6th Cir. 1993)). Accordingly, there is substantial evidence to support the conclusion of the ALJ, and this court will affirm.

Second, Curtis proffered narrative medical evidence to the ALJ in the form of five physicians' opinions. Of the five, Drs. Baker, Houser, and Simpao all diagnosed the presence of pneumoconiosis. Drs. Repsher and O'Bryan opined that pneumoconiosis was not present, and that any impairment was due to a combination of cigarette smoking and obesity. On appeal, Curtis argues that the ALJ erred in relying upon the opinion of Dr. O'Bryan, the sole examining physician to find that Curtis did not have pneumoconiosis, when the other examining physicians found that he did. In addition, Curtis argues that the ALJ erred in not affording Dr. Houser's opinion substantial weight as Curtis' treating physician. Again, Curtis is asking this court to reweigh the evidence.

The ALJ examined each doctor's opinion in turn. Dr. Baker's opinion, he concluded, was equivocal, stating that any coal dust related complications "may" have contributed, along with cigarette smoking, to Curtis' condition. *See Griffith v. Director, Office of Workers' Compensation Programs*, 49 F.3d 184, 186 (6th Cir. 1995) (affirming an ALJ's decision to discredit a medical opinion as equivocal when the doctor named both smoking and coal dust exposure as possible causes). With respect to Dr. Houser's opinion, the ALJ concluded that the opinion was inadequately reasoned. Specifically, the ALJ found that the "failure to explain how the duration of a miner's coal mine employment supports his diagnosis" rendered Dr. Houser's opinion less persuasive. The ALJ faulted the opinion of Dr. Houser for failing to provide reasons or explanations for his diagnosis and

failing "to explain the basis of his coal dust etiology[,]" and thus accorded Dr. Houser's diagnosis little weight. With respect to Dr. Simpao's opinion, the ALJ concluded that the opinion was inadequately reasoned because "he did not discuss what impact the 70+ pack [per] year smoking history had on his diagnosis." Further, the opinion failed to explain how his physical findings support a "coal dust-related disease process[,]" and, accordingly, gave the opinion less weight. The ALJ concluded that Dr. Repsher's opinion–the other negative diagnosis–was not supported by "sound analysis," because he apparently believed that chronic obstructive pulmonary disease arising out of coal-mining employment is undetectable, a conclusion prohibited by the legal definition of pneumoconiosis. Unlike the aforementioned opinions, the ALJ concluded that Dr. O'Bryan's opinion was persuasive due to a combination of his superior credentials, and the fact that his opinion was "based on objective evidence and he documented which readings supported his diagnosis."

Just as the Benefits Review Board concluded, we do not believe that the summarized aforementioned analysis of the medical evidence can be deemed a failure of substantial evidence. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Groves*, 277 F.3d at 833 (internal quotation marks omitted). "We do not reweigh the evidence or substitute our judgment for that of the ALJ." *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602, 606 (6th Cir. 2001). Thus, we will not reverse the conclusions of an ALJ that are supported by substantial evidence, "even if the facts permit an alternative conclusion." *Id.* (quoting *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)).

III.

For the reasons stated above, the judgment of the Benefits Review Board is AFFIRMED.